UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SIXTH DISTRICT OF THE AFRICAN METHODIST EPISCOPAL CHURCH, et al.,<br>      *Plaintiffs*,<br><br> v.<br><br>BRIAN KEMP, Governor of the State of Georgia, in his official capacity, et al.,<br>      *Defendants*,<br><br>REPUBLICAN NATIONAL COMMITTEE; NATIONAL REPUBLICAN SENATORIAL COMMITTEE; NATIONAL REPUBLICAN CONGRESSIONAL COMMITTEE; and GEORGIA REPUBLICAN PARTY, INC.,<br> *Proposed Intervenor-Defendants.* | No. 1:21-cv-1284-JPB |

**PROPOSED INTERVENOR-DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO INTERVENE**

This Court should grant the motion to intervene and allow Movants—the Republican National Committee, National Republican Senatorial Committee, National Republican Congressional Committee, and Georgia Republican Party, Inc.—to be defendants in this case. As the Democratic Party recently observed, "political parties usually have good cause to intervene in disputes over election rules." *Issa v. Newsom*, Doc. 23 at 2, No. 2:20-cv-1044 (E.D. Cal. June 8, 2020). That is why, in recent litigation over the election rules for 2020 and 2021, the Democratic and Republican parties were virtually always granted intervention.* Just a few months ago, Judge Jones let the Republican

---

* *See, e.g.*, *Alliance for Retired American's v. Dunlap*, No. CV-20-95 (Me. Super. Ct. Aug. 21, 2020) (granting intervention to the RNC, NRSC, and Republican Party of Maine); *Mi Familia Vota v. Hobbs*, Doc. 25, No. 2:20-cv-1903 (D. Ariz. June 26, 2020) (granting intervention to the RNC and NRSC); *Ariz. Democratic Party v. Hobbs*, Doc. 60, No. 2:20-cv-1143-DLR (D. Ariz. June 26, 2020) (granting intervention to the RNC and Arizona Republican Party); *Swenson v. Bostelmann*, Doc. 38, No. 20-cv-459-wmc (W.D. Wis. June 23, 2020) (granting intervention to the RNC and Republican Party of Wisconsin); *Edwards v. Vos*, Doc. 27, No. 20-cv-340-wmc (W.D. Wis. June 23, 2020) (same); *League of Women Voters of Minn. Ed. Fund v. Simon*, Doc. 52, No. 20-cv-1205 ECT/TNL (D. Minn. June 23, 2020) (granting intervention to the RNC and Republican Party of Minnesota); *Issa v. Newsom*, 2020 WL 3074351, at *4 (E.D. Cal. June 10, 2020) (granting intervention to the DCCC and Democratic Party of California); *Nielsen v. DeSantis*, Doc. 101, No. 4:20-cv-236-RH (N.D. Fla. May 28, 2020) (granting intervention to the RNC, NRCC, and Republican Party of Florida); *Priorities USA v. Nessel*, 2020 WL 2615504, at *5 (E.D. Mich. May 22, 2020) (granting intervention to the RNC and Republican Party of Michigan); *Thomas v. Andino*, 2020 WL 2306615, at *4 (D.S.C. May 8, 2020) (granting intervention to the South Carolina Republican Party); *Corona v. Cegavske*, Order Granting Mot. to Intervene, No. CV 20-OC-644-1B (Nev. 1st Jud. Dist. Ct. Apr. 30, 2020) (granting intervention to the RNC and Nevada

1

Party intervene in another similar case. *See Black Voters Matter Fund v. Raffensperger*, Doc. 42, No. 1:20-cv-4869 (N.D. Ga. Dec. 9, 2020). This Court should do the same for two independent reasons.

***First***, Movants satisfy the criteria for intervention as of right under Rule 24(a)(2). Their motion is timely; Plaintiffs' complaint was just filed, this litigation has yet to begin in earnest, and no party will possibly be prejudiced. Movants also have a clear interest in protecting their candidates, voters, and resources from Plaintiffs' attempt to invalidate Georgia's duly-enacted election rules. Finally, no other party adequately represents Movants' interests. Defendants do not share Movants' distinct interests in conserving their resources and helping Republican candidates and voters.

***Second***, and alternatively, the Court should grant Movants permissive intervention under Rule 24(b). Again, this motion is timely. Movants' defenses share common questions of law and fact with the existing parties, and intervention will result in no delay or prejudice. Incremental prejudice is especially unlikely here—a case that will inevitably involve multiple parties because it is

---

Republican Party); *League of Women Voters of Va. v. Va. State Bd. of Elections*, Doc. 57, No. 6:20-cv-24-NKM (W.D. Va. Apr. 29, 2020) (granting intervention to the Republican Party of Virginia); *Paher v. Cegavske*, 2020 WL 2042365, at *2 (D. Nev. Apr. 28, 2020) (granting intervention to four Democratic Party entities); *Democratic Nat'l Comm. v. Bostelmann*, 2020 WL 1505640, at *5 (W.D. Wis. Mar. 28, 2020) (granting intervention to the RNC and Republican Party of Wisconsin); *Gear v. Knudson*, Doc. 58, No. 3:20-cv-278 (W.D. Wis. Mar. 31, 2020) (same); *Lewis v. Knudson*, Doc. 63, No. 3:20-cv-284 (W.D. Wis. Mar. 31, 2020) (same); *see also Democratic Exec. Cmte. of Fla. v. Detzner*, No. 4:18-cv-520-MW-MJF (N.D. Fla. Nov. 9, 2018) (granting intervention to the NRSC).

one of four challenges to SB 202 before this Court. The Court's resolution of these important questions will have significant implications for Movants as they work to ensure that candidates and voters can participate in fair and orderly elections.

Whether under Rule 24(a)(2) or (b), Movants should be allowed to intervene as defendants. Defendants take no position on intervention. Plaintiffs oppose.

## INTERESTS OF PROPOSED INTERVENORS

Movants are four political committees who support Republicans in Georgia. The Republican National Committee is a national committee, as defined by 52 U.S.C. §30101, that manages the Republican Party's business at the national level, supports Republican candidates for public office at all levels, coordinates fundraising and election strategy, and develops and promotes the national Republican platform. The National Republican Senatorial Committee is a national political committee that works to elect Republicans to the U.S. Senate. The National Republican Congressional Committee is a national political committee that works to elect Republicans to the U.S. House. The Georgia Republican Party is a political party that works to promote Republican values and to assist Republican candidates in obtaining election to partisan federal, state, and local office. All three Movants have interests—their own and those of their members—in the rules and procedures governing Georgia's elections. That includes Georgia's crucial elections in 2022 for Governor, U.S. Senate, U.S. House, and other offices.

## ARGUMENT

### I. Movants are entitled to intervene as of right.

Rule 24 is "liberally construed with all doubts resolved in favor of the proposed intervenor." *S.D. ex rel. Barnett v. U.S. Dep't of Interior*, 317 F.3d 783, 785 (8th Cir. 2003). Under Rule 24(a)(2), this Court must grant intervention as of right if four things are true: the motion is timely; movants have a legally protected interest in this action; this action may impair or impede that interest; and no existing party adequately represents Movants' interests. *See Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989). All four are true here.

#### A. The motion is timely.

This Court considers four factors in determining the timeliness of a motion to intervene: the delay after the movant knew its interest in the case; any prejudice to the existing parties from that delay; prejudice to the movant from denying intervention; and any unusual circumstances. *Id.* These factors all favor Movants.

Movants filed this motion early—mere "days after Plaintiffs filed the lawsuit." *Black Voters Matter*, Doc. 42 at 6, No. 1:20-cv-4869 (N.D. Ga.). Movants hardly could have moved faster than they did. Much later intervention motions have been declared timely. *See e.g.*, *North Dakota v. Heydinger*, 288 F.R.D. 423, 429 (D. Minn. 2012) (motion filed one year after answer); *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995) (motion filed four months after complaint); *Uesugi Farms, Inc. v. Michael J. Navilio & Son,*

*Inc.*, 2015 WL 3962007, at *2 (N.D. Ill. June 25, 2015) (motions filed 4-6 weeks after complaint).

Nor will Movants' intervention prejudice the parties. This litigation has not yet begun in earnest. Movants will comply with all deadlines that govern the parties, will work to prevent duplicative briefing, and will coordinate with the parties on discovery. If Movants are not allowed to intervene, however, their interests could be irreparably harmed by an order overriding Georgia's election rules and undermining the integrity of Georgia's elections. Their motion is timely.

    **B.**    **Movants have protected interests in this action.**

Movants also have "'direct, substantial, legally protectible interest[s] in the proceeding'" because they are Republican Party organizations that represent candidates and voters. *Chiles*, 865 F.2d at 1213-14. Movants have direct and significant interests in ensuring that the State's election procedures are fair and reliable. Laws like the one challenged here are designed to serve "the integrity of [the] election process," *Eu v. San Fran. Cty. Democratic Cent. Comm.*, 489 U.S. 214, 231 (1989), and the "orderly administration" of elections, *Crawford v. Marion Cty. Election Bd.*, 553 U.S. 181, 196 (2008) (op. of Stevens, J.). As Judge Jones found, Movants have "a specific interest" in "promoting their chosen candidates and protecting the integrity of Georgia's elections." *Black Voters Matter*, Doc. 42 at 5, No. 1:20-cv-4869 (N.D. Ga.).

Indeed, federal courts "routinely" find that political parties have interests supporting intervention in litigation regarding election rules. *Issa*, 2020

5

WL 3074351, at *3; *see, e.g.*, *Siegel v. LePore*, 234 F.3d 1163, 1169 n.1 (11th Cir. 2001); *supra* n.*. Given their inherent and intense interest in elections, usually "[n]o one disputes" that political parties "meet the impaired interest requirement for intervention as of right." *Citizens United v. Gessler*, 2014 WL 4549001, *2 (D. Col. Sept. 15, 2014). That is certainly true here, where "changes in voting procedures could affect candidates running as Republicans and voters who [are] members of the … Republican Party." *Ohio Democratic Party v. Blackwell*, 2005 WL 8162665, *2 (S.D. Ohio Aug. 26, 2005); *see id.* (under such circumstances, "there [was] no dispute that the Ohio Republican Party had an interest in the subject matter of this case").

In short, because Movants' candidates will "actively seek [election or] reelection in contests governed by the challenged rules," and Movants' voters will vote in them, Movants have an interest in "demand[ing] adherence" to Georgia's rules. *Shays v. FEC*, 414 F.3d 76, 88 (D.C. Cir. 2005).

### C. This action threatens to impair Movants' interests.

Movants are "so situated that disposing of [this] action may as a practical matter impair or impede [their] ability to protect [their] interest." Fed. R. Civ. P. 24(a)(2). Movants "do not need to establish that their interests *will* be impaired," "only that the disposition of the action 'may' impair or impede their ability to protect their interests." *Brumfield v. Dodd*, 749 F.3d 339, 344 (5th Cir. 2014). This language from Rule 24 is "obviously designed to liberalize the right to intervene in federal actions." *Nuesse v. Camp*, 385 F.2d 694, 701 (D.C. Cir. 1967).

Here, Movants' interests will plainly "suffer if the Government were to lose this case, or to settle it against [Movants'] interests." *Mausolf v. Babbitt*, 85 F.3d 1295, 1302-03 (8th Cir. 1996). Not only would an adverse decision undercut democratically enacted laws that protect voters and candidates (including Movants' members), it would change the "structur[e] of th[e] competitive environment" and "fundamentally alter the environment in which [Movants] defend their concrete interests (e.g. their interest in … winning [election or] reelection)." *Shays*, 414 F.3d at 85-86. These changes, especially if they occur near an election, threaten to confuse voters and undermine confidence in the electoral process. *See Purcell v. Gonzalez*, 549 U.S. 1, 4-5 (2006). Movants will be forced to spend substantial resources fighting inevitable confusion and galvanizing participation in the wake of the "consequent incentive to remain away from the polls." *Id.*; *accord Pavek v. Simon*, 2020 WL 3183249, at *10 (D. Minn. June 15, 2020).

The "very purpose of intervention is to allow interested parties to air their views so that a court may consider them before making potentially adverse decisions." *Brumfield*, 749 F.3d at 345. So the "best" course—and the one that Rule 24 "implements"—is to give "all parties with a real stake in a controversy … an opportunity to be heard" in this suit. *Hodgson v. United Mine Workers of Am.*, 473 F.2d 118, 130 (D.C. Cir. 1972). That includes Movants.

### D. No party adequately represents Movants' interests.

Finally, Movants are not adequately represented by the existing parties. Inadequacy is not a demanding showing. It's satisfied "if the proposed

7

intervenor shows that representation of his interest *may be* inadequate." *Chiles*, 865 F.2d at 1214 (cleaned up; emphasis added). In other words, "'the burden of making that showing should be treated as minimal,'" and the proposed intervenors "'should be allowed to intervene unless it is clear that [the current parties] will provide adequate representation.'" *Id.*

As then-Judge Garland has explained, courts "often conclude[] that governmental entities do not adequately represent the interests of aspiring intervenors." *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 736 (D.C. Cir. 2003). "[T]he government's representation of the public interest generally cannot be assumed to be identical to the individual parochial interest of a [private movant] merely because both entities occupy the same posture in the litigation." *Utah Ass'n of Ctys. v. Clinton*, 255 F.3d 1246, 1255-56 (10th Cir. 2001). Here, too, Defendants necessarily represent "the public interest," rather than Movants' "particular interest[s]" in protecting their resources and the rights of their candidates and voters. *Coal. of Ariz./N.M. Counties for Stable Economic Growth v. DOI*, 100 F.3d 837, 845 (10th Cir. 1996). While political parties also want what's best for the country, the reality is that they have different ideas of what that looks like and how best to accomplish it.

This tension is stark in the context of elections. Defendants have no interest in the election of particular candidates or the mobilization of particular voters, or the costs associated with either. Instead, state officials, acting on behalf of all Georgia citizens and the State itself, must consider "a range of interests likely to diverge from those of the intervenors." *Meek v. Metro. Dade*

8

*Cty.*, 985 F.2d 1471, 1478 (11th Cir. 1993). Those interests include "the expense of defending the current [laws] out of [state] coffers," *Clark v. Putnam Cty.*, 168 F.3d 458, 461 (11th Cir. 1999); "the social and political divisiveness of the election issue," *Meek*, 985 F.2d at 1478; "their own desires to remain politically popular and effective leaders," *id.*; and even the interests of Plaintiffs, *In re Sierra Club*, 945 F.2d 776, 779-80 (4th Cir. 1991). Defendants apparently agree, since they take no position on Movants' intervention. *See Utah Ass'n of Ctys. v. Clinton*, 255 F.3d 1246, 1255 (10th Cir. 2001) ("The government has taken no position on the motion to intervene in this case. Its 'silence on any intent to defend the intervenors' special interests is deafening.'").

At the very least, Movants will "serve as a vigorous and helpful supplement" to Defendants and "can reasonably be expected to contribute to the informed resolutions of these questions." *NRDC v. Costle*, 561 F.2d 904, 912-13 (D.C. Cir. 1977). Movants affirmatively seek to preserve Georgia's voting safeguards, including the bill challenged here, and bring a unique and well-informed perspective to the table. Movants thus should be granted intervention under Rule 24(a)(2).

## II. Alternatively, Movants are entitled to permissive intervention.

Even if Movants were not entitled to intervene as of right under Rule 24(a), this Court should grant them permissive intervention under Rule 24(b). Exercising broad judicial discretion, courts grant permissive intervention when the movant has "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b); *see Chiles*, 865 F.2d at

9

1213. Courts also consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); *see Chiles*, 865 F.2d at 1213. Inadequate representation is not a requirement. *Black Voters Matter*, Doc. 42 at 5, No. 1:20-cv-4869 (N.D. Ga.).

The requirements of Rule 24(b) are met here. As explained, Movants filed a timely motion. *Supra* I.A. And Movants will raise defenses that share many common questions with the parties' claims and defenses. Plaintiffs allege that the challenged law is unconstitutional. Movants directly reject that allegation and assert that Plaintiffs' desired relief would undermine the interests of Movants and their members. This obvious clash is why courts allow political parties to intervene in defense of state election laws. *See, e.g.*, *Swenson*, Doc. 38, No. 20-cv-459-wmc (W.D. Wis.) ("[T]he [RNC and Republican Party of Wisconsin] have a defense that shares common questions of law and fact with the main action; namely, they seek to defend the challenged election laws to protect their and their members' stated interests—among other things, interest in the integrity of Wisconsin's elections."); *Priorities USA*, 2020 WL 2615504, at *5 (recognizing that the permissive-intervention factors were met when the RNC "demonstrate[d] that [it] seek[s] to defend the constitutionality of Michigan's [election] laws, the same laws which the plaintiffs allege are unconstitutional").

Movants' intervention will not unduly delay this litigation or prejudice anyone. Movants swiftly moved to intervene at this case's earliest stage, and their participation will add no delay beyond the norm for multiparty litigation.

Plaintiffs put the legality of Georgia's law at issue, after all, so they "can hardly be said to be prejudiced by having to prove a lawsuit [they] chose to initiate." *Security Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1381 (7th Cir. 1995). Movants also commit to submitting all filings in accordance with whatever briefing schedule the Court imposes, "which is a promise" that undermines claims of undue delay. *Emerson Hall Assocs., LP v. Travelers Casualty Ins. Co. of Am.*, 2016 WL 223794, *2 (W.D. Wis. Jan. 19, 2016).

Allowing Movants to intervene will promote consistency and fairness in the law, as well as efficiency in this case. It will allow "the Court … to profit from a diversity of viewpoints as [Movants] illuminate the ultimate questions posed by the parties." *Franconia Minerals (US) LLC v. United States*, 319 F.R.D. 261, 268 (D. Minn. 2017). Any prejudice from granting intervention would be no greater than the prejudice from denying intervention. *See Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 377 (1987) ("[W]hen an order prevents a putative intervenor from becoming a party in *any* respect, the order is subject to immediate review."); *Jacobson v. Detzner*, 2018 WL 10509488 (N.D. Fla. July 1, 2018) ("[D]enying [Republican Party organizations'] motion [to intervene] opens the door to delaying the adjudication of this case's merits for months—if not longer"). Where a court has doubts, "the most prudent and efficient course" is to allow permissive intervention. *Lac Courte Oreilles Band of Lake Superior Chippewa Indians of Wis. v. United States*, 2002 WL 32350046, *3 (W.D. Wis. Nov. 20, 2002).

## CONCLUSION

Movants humbly ask the Court to grant their motion and allow them to intervene as defendants.

This 12th day of April, 2021.

Respectfully submitted,

/s/ *William Bradley Carver, Sr.*

| | |
|---|---|
| | John E. Hall, Jr. |
| Tyler R. Green (*pro hac vice* forthcoming) | Georgia Bar No. 319090 |
| | William Bradley Carver, Sr. |
| Cameron T. Norris (*pro hac vice* forthcoming) | Georgia Bar No. 115529 |
| | W. Dowdy White |
| **CONSOVOY MCCARTHY PLLC** | Georgia Bar No. 320879 |
| 1600 Wilson Boulevard | **HALL BOOTH SMITH, P.C.** |
| Suite 700 | 191 Peachtree Street NE |
| Arlington, VA 22209 | Suite 2900 |
| (703) 243-9423 | Atlanta, GA 30303 |
| | (404) 954-6967 |
| | bcarver@hallboothsmith.com |

*Counsel for Proposed Intervenor-Defendants*

12

# CERTIFICATE OF SERVICE AND CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The foregoing was prepared in Century Schoolbook font, 13-point type, one of the font and point selections approved by the Court in N.D. Ga. L.R. 5.1(C). I hereby certify that I electronically filed the foregoing **PROPOSED INTERVENOR-DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO INTERVENE** with the Clerk of Court using the CM/ECF electronic filing system, which will electronically serve all counsel of record.

This 12th day of April, 2021.

| | |
|---|---|
| Tyler R. Green (*pro hac vice* forthcoming) | /s/ *William Bradley Carver, Sr.* <br> John E. Hall, Jr. <br> Georgia Bar No. 319090 <br> William Bradley Carver, Sr. |
| Cameron T. Norris (*pro hac vice* forthcoming) | Georgia Bar No. 115529 <br> W. Dowdy White |
| **CONSOVOY MCCARTHY PLLC** <br> 1600 Wilson Boulevard <br> Suite 700 <br> Arlington, VA 22209 <br> (703) 243-9423 | Georgia Bar No. 320879 <br> **HALL BOOTH SMITH, P.C.** <br> 191 Peachtree Street NE <br> Suite 2900 <br> Atlanta, GA 30303 <br> (404) 954-6967 <br> bcarver@hallboothsmith.com |

*Counsel for Proposed Intervenor-Defendants*