**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| SIXTH DISTRICT OF THE AFRICAN METHODIST EPISCOPAL CHURCH, a Georgia nonprofit organization, et al. | : : : : : | CIVIL ACTION FILE NO.: 1:21-cv-01284-JPB |
| Plaintiffs, | : | |
| vs. | : : | |
| BRIAN KEMP, Governor of the State of Georgia in his official capacity, et al., | : : : : : | : |
| Defendants. | : : | |

**BRIEF IN SUPPORT OF COUNTY DEFENDANTS'
MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT**

## I.      INTRODUCTION

Plaintiffs in this action, upset with the Georgia Legislature for enacting Senate

Bill 202 ("SB 202") and with Governor Brian Kemp for signing those election law

changes into law, have arbitrarily selected and named as defendants the election and

registration boards for 11 of the 159 counties in Georgia, along with election officials

from each of those 11 counties ("County Defendants").  Neither the county boards

nor the election officials named have any authority regarding the enactment of voting

legislation in the State of Georgia, nor do they have any discretion over whether to follow the laws passed by the Legislature.

Rather than limiting their lawsuit to the Governor, the Secretary of State, and the State Election Board, ("State Defendants") as the parties responsible for the passage, enactment, and enforcement of the provisions of SB 202, Plaintiffs have named an arbitrarily selected set of county defendants, likely as a result of a misguided application of the recent ruling in *Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1245-46 (11th Cir. 2020).

*Jacobson*, dealing with the standing of voters to challenge Florida's ballot order provision, reiterated the test from *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130 (1992), that "[t]he litigant must prove (1) an injury in fact that (2) is fairly traceable to the challenged action of the defendant and (3) is likely to be redressed by a favorable decision" and held that the plaintiff in that case could not show standing because the sole defendant, the Florida Secretary of State, had no authority to implement the relief that the plaintiffs requested (changing the ballot order).

Given the complete dearth of factual allegations involving the County Defendants, Plaintiffs appear to have included  them solely for purposes of redressability, asking the Court to enjoin the  county officials  from enforcing the

2

provisions of SB 202.   However, nowhere in the phonebook-sized Amended Complaint filed by Plaintiffs have they demonstrated an injury-in-fact, much less one that is fairly traceable to the actions of the County Defendants.   They simply do not have standing to assert their claims against the counties and cannot achieve it by skipping straight to the third prong of the *Lujan* test.

Further, even if the Court were inclined to give the Plaintiffs latitude regarding the injury-in-fact and traceability factors, Plaintiffs cannot rationally explain how seeking relief against seven percent of the total counties in the State of Georgia would redress their purported injuries.

Even construing the lengthy recitation of facts in the light most favorable to Plaintiffs, no amount of leeway can overcome the jurisdictional obstacle of lack of prudential standing.   Accordingly, this Court does not have jurisdiction over the claims asserted against the County Defendants, and the County Defendants therefore request that the Court dismiss all claims against them pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

## II.    ARGUMENT AND CITATION TO AUTHORITY

### A.  Standards for Motion to Dismiss

"[A] motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) can be based upon either a facial or factual challenge to the

3

complaint." *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* "Factual attacks, on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered." *Id.*

When evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321—22  (11th Cir. 2012). To survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

## B.    Plaintiffs lack standing to bring claims against the County Defendants

"Article III of the Constitution limits federal courts to adjudicating actual 'cases' and 'controversies.'" *A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co.*, 925 F.3d 1205, 1210 (11th Cir. 2019); U.S. Const. art. III, § 2.   "To have a case or

controversy, a litigant must establish that he has standing," which requires proof of three elements. *United States v. Amodeo*, 916 F.3d 967, 971 (11th Cir. 2019). "[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81, 120 S. Ct. 693, (2000). "The plaintiff bears the burden of establishing each element." *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1268 (11th Cir. 2019).

"It is not enough that [plaintiff] sets forth facts from which [the court] could imagine an injury sufficient to satisfy Article III's standing requirements." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 976 (11th Cir. 2005). Instead, "plaintiff has the burden to clearly and specifically set forth facts sufficient to satisfy Art. III standing requirements." *Id.* "If the plaintiff fails to meet its burden, this court lacks the power to create jurisdiction by embellishing a deficient allegation of injury." *Id.*

Further, "when plaintiffs seek prospective relief to prevent future injuries, they must prove that their threatened injuries are "certainly impending." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 401 (2013).

### i.   Plaintiffs have not demonstrated an injury-in-fact

Injury-in-fact is "the first and foremost of standing's three elements." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548, (2016). To prove an injury-in-fact the Plaintiffs must show "a concrete and particularized injury." *Sierra v. City of Hallandale Beach*, 996 F.3d 1110 (11th Cir. 2021), citing to *Lujan*, 504 US at 560 n.1. "An injury is particularized when it affect[s] the plaintiff in a personal and individual way. To be concrete, the injury must be real, and not abstract." *Id.*, (citing to *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (internal quotes omitted)).

In the Amended Complaint, Plaintiffs' claims of injury are based upon a long, winding, highly speculative narrative concerning actions they might have to take or resources they might have to expend at some point in the future due to the actions of the State Defendants in passing SB 202. And in a case such as this one, "[w]hen a plaintiff seeks prospective relief to prevent a future injury, it must establish that the threatened injury is certainly impending." *Indep. Party of Fla. v. Sec'y, State of Fla.*, 967 F.3d 1277, 1280 (11th Cir. 2020). "[A]llegations of possible future injury are not sufficient." *Clapper*, 568 U.S. at 409. Nor is a "realistic threat," *Summers v. Earth Island Inst.*, 555 U.S. 488, 499-500 (2009), an "objectively reasonable likelihood" of harm, *Clapper*, 568 U.S. at 410.

Despite this requirement of a concrete actual or imminent injury, Plaintiffs raise only generalized fears about what they *may* have to do in response to the provisions of SB 202 and some uncertain future time.  For instance, 6th District AME Church ("AME Church") claims that it "***will have to*** dedicate more time money, and other resources towards understanding the new legal requirements of S.B. 202, and how ***these requirements may impact*** AME Church's existing voter engagement efforts such as its activities supporting voters waiting in line. AME Church anticipates that ***it may need to hire outside counsel*** to help better understand the legal requirements of S.B. 202." [Doc. 83, ¶ 37].  Ignoring, for the moment, that Plaintiffs haven't demonstrated how these hypothetical injuries would be attributable to County Defendants, they haven't even shown an "objectively reasonable likelihood of harm." *Clapper*, 568 U.S. at 410.

Even when Plaintiffs avoid conditional terms like may and might in the Amended Complaint, they still fail to demonstrate concrete and particularized injuries.  The Plaintiff organizations in this case have not alleged real disruptions from the passage or enforcement of SB 202 that have or will imminently require the shifting of resources.  Instead, they have only alleged hypothetical future diversions of resources based on unproven fears about the effects of the State Defendants' passage and enforcement of SB 202.

Indeed, Plaintiffs each make broad claims that they will have to divert resources from one area of its mission to the efforts to address SB 202. However, when a Plaintiff claims diversion of resources as an injury, it must demonstrate that "a defendant's illegal acts impair the organization's ability to engage in its own projects by forcing the organization to divert resources in response." *Arcia v. Sec'y of Fla.*, 772 F.3d 1335, 1341 (11th Cir. 2014). Plaintiffs are responsible for proving they "would in fact be diverting . . . resources away from their core activities." *Ga. Ass'n of Latino Elected Officials, Inc. v. Gwinnett Cty. Bd. of Reg. & Elections*, Case No. 1:20-CV-01587, 2020 U.S. Dist. LEXIS 211736, at *4 (N.D. Ga. Oct. 5, 2020) ("GALEO"). Organizations cannot support a claim of standing "based solely on the baseline work they are already doing." *Common Cause Ind. v. Lawson*, 937 F.3d 944, 955 (7th Cir. 2019). Plaintiff organizations "cannot convert ordinary program costs into an injury in fact. The question is what additional or new burdens are created by the law the organization is challenging. It must show that the disruption is real and its response is warranted." *Id*.

Plaintiffs make various claims that they will have to divert unspecified resources or undetermined amounts of money on efforts to address problems that may be caused by SB 202 at some point in the future. But invariably those efforts already fall within the core mission of the organization. For instance, Plaintiff AME

Church spends nearly a page detailing its admirable history of civic participation and voter engagement efforts [Doc. 83, ¶ 33], but then claims it will be harmed by having to devote resources to "educating voters across the State about the provisions of SB 202…" [Doc. 83, ¶ 35]. Such claims that organizations may have to use their resources to participate in their already existing missions cannot be the basis for a showing of injury-in-fact.

### ii. Plaintiffs have not shown an injury fairly traceable to the County Defendants

To establish standing, in addition to demonstrating an injury-in-fact, Plaintiffs must also show a "causal connection between [their] injury and the challenged action of the defendant—i.e., the injury must be fairly…trace[able] to the defendant's conduct..." *Lewis v. Governor of Ala*., 944 F.3d 1287, 1296 (11th Cir. 2019) (internal quotes removed). The crux of Plaintiffs' lawsuit is that "with no valid justification—and with little opportunity for any, let alone meaningful, public input and review—the Georgia General Assembly enacted S.B. 202, a sweeping series of provisions that makes it harder, if not impossible, for certain Georgians, including historically disenfranchised groups, to vote." [Doc. 83, ¶ 22]. Yet nowhere in the Amended Complaint do Plaintiffs bother to explain how their supposed injuries are traceable to the County Defendants.

Indeed, Plaintiffs devote 10 pages of the Amended Complaint detailing alleged deficiencies with the process of passing SB 202 [Doc. 83, pp. 80-89] and 30 pages describing why the legislation crafted by the General Assembly is deficient and burdensome [Doc. 83, pp.89-118].   Nowhere do the Plaintiffs allege or demonstrate a causal connection between the harms created by legislation they seek to overturn and the conduct of the County Defendants.   Not until the Prayer for Relief at the very end of the Amended Complaint do the Plaintiffs even indirectly address the role of the County Defendants, when they ask the Court to enjoin the Defendants generally from enforcing the provisions of SB 202 or conducting elections using those provisions.

There is little doubt that Plaintiffs felt compelled to include the County Defendants due to the opinion of the 11th Circuit in *Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1245-46 (11th Cir. 2020).   In that case, the Court ruled that the District Court should have dismissed an action brought by several Democratic voters and organizations challenging to the Florida statute setting the order of candidates' names on the ballot.   Among the reasons for its ruling, the Court said that the plaintiffs failed to demonstrate organizational standing to seek relief against the Florida Secretary of State because her office does not enforce the ballot order

provision, noting that only the 67 county Election Supervisors are responsible for preparing the ballots. *Id* at 1253.

The result of that ruling has been that some subset of county election officials has been named in  most election suits filed in the 11th Circuit since then, including at least three other suits currently pending before this Court:*The New Georgia Project et al. v. Raffensperger et al.*, Case No. 1:21-cv-01229-JPB; *Georgia State Conference of the NAACP et al. v. Raffensperger et al.*, Case No. 1:21-cv-01259-JPB; *Asian Americans Advancing Justice-Atlanta, et al. v. Raffensperger et al.*, Case No. 1:21-cv-01333-JPB.

However, simply naming an arbitrary set of county election officials as defendants does not meet the Plaintiff's burden to demonstrate traceability and redressability.   "It is the plaintiff's burden to plead and prove…causation…" *Hollywood Mobile Estates Ltd. v. Seminole Tribe of Fla.*, 641 F.3d 1259, 1266 (11th Cir. 2011).  *See also*, *Bischoff v. Osceola Cnty., Fla.*, 222 F.3d 874, 878 (11th Cir. 2000) ("The party invoking federal jurisdiction bears the burden of proving standing"). "Article III standing requires that the plaintiff's injury be 'fairly traceable' to the defendant's actions and redressable by relief against *that* defendant." *Jacobson,* 974 F.3d 1236, at 1256, citing to *Lewis*, 944 F.3d at 1298, 1301.

The Amended Complaint is bereft of any factual allegations tying Plaintiffs' alleged future injuries to the County Defendants. They do not even attempt to explain why the particular counties named were chosen, much less how those counties are responsible for the passage or enforcement of the provisions of SB 202. Accordingly, because Plaintiffs have failed to clearly articulate in their Amended Complaint how their claimed injuries are traceable to and redressable by the County Defendants, they have not carried their burden of demonstrating standing to sue the counties.

### iii.   Plaintiffs have not demonstrated how relief could be afforded by enjoining the eleven County Defendants

Plaintiffs have failed to show how an order enjoining 11 sets of County Defendants from enforcing the provisions of SB 202 will redress their alleged injuries when, applying Plaintiff's apparent interpretation of *Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1245-46 (11th Cir. 2020), 148 other Georgia counties would not be subject to the Court's order.

While Plaintiffs named 11 county boards of registrations as defendants in the Amended Complaint challenging multiple sections of SB 202. [ Doc. 83 ¶ 22 and ¶¶ 97-133], none of the Plaintiffs, with the exception of GAMVP described themselves as being restricted to working with, or advocating for, their members or voters, limited to the counties served by the 11 County Boards named as Defendants.   To

the contrary, the Plaintiff AME Church asserts that its district covers all of Georgia and has 500 membership based churches and that it engages in outreach to rural voters and trains pastors across the State  [Doc. 83 ¶¶ 32, 36 and 38].   Plaintiff LCF Georgia states that it serves Latinx communities across Georgia. [Doc. 83 ¶53] and that it reached out to every Latinx voter in Georgia at least twice in the 2020 primaries and that SB 202 will severely burden or deny the right of its members across Georgia [Doc. 83 ¶53].  Plaintiff Georgia ADAPT describes itself has having regional chapters and members across the State. [Doc. 83 ¶67]. Presumably, the Plaintiffs would be concerned with the alleged impact of SB 202 on the voters they serve beyond the eleven counties and would seek to prevent its enforcement beyond the jurisdiction of the eleven county boards named herein.

Yet Plaintiffs have chosen not to seek statewide relief against all county election officials, apparently hoping that an order against a small subset of counties will somehow bind the rest of the county election officials.  In *Jacobson* the Court noted that a declaratory judgment or injunction against the Secretary of State would not have bound the County Supervisors, who were not parties to the action. *Jacobson*, 974 F.3d 1236, at 1256. at 1302.  Similarly, the election officials in 148 other Georgia counties are not parties to this action and, therefore, would not be"obliged…in any binding sense…to honor an incidental legal determination [this]

13

suit produce[s]." *Id.*      "[I]t must be the effect of the court's judgment on the defendant—not an absent third party—that redresses the plaintiff's injury. Any persuasive effect a judicial order might have upon the [other county election officials], as absent nonparties…cannot suffice to establish redressability." *Id.* at 1254. And see, *Franklin v. Massachusetts*, 505 U.S. 788, 825 (1992) ("If courts may simply assume that everyone (including those who are not proper parties to an action) will honor the legal rationales that underlie their decrees, then redressability will always exist."

Plaintiffs' failure to sue the parties that can redress the alleged harm could also lead to "arbitrary and disparate treatment to voters in its different counties," *Bush v. Gore*, 531 U.S. 98, 107, 121 S. Ct. 525, 531 (2000), with eleven counties bound by an order from this Court and the remaining 148 counties following existing law. *See also Friedman v. Snipes*, 345 F. Supp. 2d 1356, 1381 (S.D. Fla. 2004) (error not to join other county election officials). In other words, granting Plaintiffs the relief they seek would lead to different rules for elections in different parts of the state, based solely on Plaintiffs' choice over which counties to sue in this particular case. Thus, Plaintiffs undermine their own claims of imminent "injury," "redress," or "equal protection" by leaving out the other counties which would prolong any uniform implementation or enforcement of any order issued by this Court.

## III.   CONCLUSION

Plaintiffs have the burden to clearly plead and prove the basic elements of standing in order to bring claims against the County Defendants in this matter. *Bochese*, *supra* 405 F.3d at 976.   Plaintiffs have not met that burden in their Amended Complaint, even construing the facts alleged by them in their favor.

Plaintiffs have not alleged that actions traceable to the County Defendants have or will imminently cause a concrete injury. Further, even though Plaintiffs appear to have named County Defendants for purposes of redressability under an improper interpretation of the 11th Circuit Court of Appeals ruling in *Jacobson v. Fla. Secy. of State*, they have failed to demonstrate how their claimed injuries would be redressed by an order enjoining only 11 arbitrarily selected counties out of 159 total counties in the state. Such an order would produce two separate sets of rules for elections in Georgia, resulting in non-uniform application of the elections laws within the State, creating an even larger problem than those Plaintiffs seek to address in their Amended Complaint.

Accordingly, and for all the reasons set forth above, County Defendants request that the Court enter an order dismissing all claims against them in Plaintiffs' First Amended Complaint.

Respectfully submitted this 14th day of June, 2021.

HAYNIE, LITCHFIELD & WHITE, PC

/s/ *Daniel W. White*
DANIEL W. WHITE
Georgia Bar No. 153033
Haynie, Litchfield & White, PC
222 Washington Avenue
Marietta, GA  30060
(770) 422-8900
dwhite@hlw-law.com
*Attorneys for Cobb County Defendants*

**Consented to and joined by the following County Defendants:**

FULTON COUNTY REGISTRATION AND ELECTIONS BOARD, ALEX WAN, MARK WINGATE, KATHLEEN D. RUTH, VERNETTA K. NURIDDIN, and AARON V. JOHNSON, Members of the Fulton County Registration and Elections Board, in their official capacities, RICHARD L. BARRON, Director of the Fulton County Registrations and Elections board, in his official capacity;

By:                    **OFFICE OF THE FULTON COUNTY ATTORNEY**

/s/ *Kaye Woodard Burwell*
Georgia Bar Number: 775060
kaye.burwell@fultoncountyga.gov
Cheryl Ringer
Georgia Bar Number: 557420
cheryl.ringer@fultoncountyga.gov
David R. Lowman
Georgia Bar Number: 460298
david.lowman@fultoncountyga.gov
*Attorneys for Fulton County Defendants*

DEKALB COUNTY BOARD OF REGISTRATIONS AND ELECTIONS, ANTHONY LEWIS, SUSAN MOTTER, DELE L. SMITH, SAMUEL E. TILLMAN, and BAOKY N. VU, Members of the DeKalb County Board of Registrations and Elections, in their official capacities;

By:                           **DEKALB COUNTY LAW DEPARTMENT**

/s/ *Irene B. Vander Els*
Irene B. Vander Els
Georgia Bar No. 033663
ivanderels@dekalbcountyga.gov
Bennett D. Bryan
Georgia Bar No. 157099
bdbryan@dekalbcountyga.gov
*Attorneys for DeKalb County Defendants*

GWINNETT COUNTY BOARD OF REGISTRATIONS AND ELECTIONS, ALICE O'LENICK, WANDY TAYLOR, STEPHEN W. DAY, JOHN MANGANO, GEORGE AWUKU, and SANTIAGO MARQUEZ, Members of the Gwinnett County Board of Registrations and Elections, in their official capacities, LYNN LEDFORD, Director of the Gwinnett County Board of Registrations and Elections, in her official capacity;

By:                           **GWINNETT COUNTY LAW DEPARTMENT**

/s/ *Tuwanda Rush Williams*
Tuwanda Rush Williams
Deputy County Attorney
Georgia Bar No: 619545
tuwanda.williams@gwinnettcounty.com
/s/ *Melanie F. Wilson*
Melanie F. Wilson
Senior Assistant County Attorney
Georgia Bar No. 768870
Melanie.wilson@gwinnettcounty.com
*Attorneys for Gwinnett County Defendants*

HALL COUNTY BOARD OF ELECTIONS AND REGISTRATION, TOM SMILEY, DAVID KENNEDY, KEN COCHRAN, CRAIG LUTZ, and GALA SHEATS, Members of the Hall County Board of Elections and Registration, in their official capacities, LORI WURTZ, Director of Hall County Elections, in her official capacity;

By:   **HALL COUNTY ATTORNEY**

| /s/ M. Van Stephens, II | /s/ *Eric P. Wilborn* |
|---|---|
| M. Van Stephens, II | Eric P. Wilborn |
| Georgia Bar No. 679950 | Georgia Bar No. 563028 |
| Hall County Attorney | Stewart, Melvin & Frost, LLP |
| Hall County Board of Commissioners | Hunt Tower, Suite 600 |
| P.O. Drawer 1435 | 200 Main Street |
| Gainesville, GA 30503 | P.O. Box 3280 |
| 770-535-8288 | Gainesville, GA 30503 |
| Fax:770-531-3972 | 770-536-0101 |
| Email : vstephens@hallcounty.org | Fax: 678-207-2008 |
| *Attorney for Hall County Defendants* | Email: ewilborn@.smf-law.com |
| | *Attorneys for Hall County Defendants* |

CLAYTON COUNTY BOARD OF ELECTIONS AND REGISTRATION, DARLENE JOHNSON, DIANE GIVENS, CAROL WESLEY, DOROTHY F. HALL, and PATRICIA PULLAR, Members of the Clayton County Board of Elections and Registration, in their official capacities, SHAUNA DOZIER, Clayton County Elections Director, in her official capacity;

By:                          **FREEMAN MATHIS & GARY, LLP**


/s/ *Jack R. Hancock*
Jack R. Hancock
Georgia Bar No. 322450
jhancock@fmglaw.com
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com

Freeman Mathis & Gary, LLP
661 Forest Parkway, Suite E
Forest Park, Georgia 30297
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)
*Counsel for the Clayton County Defendants*

RICHMOND COUNTY BOARD OF ELECTIONS, TIM MCFALLS, SHERRY T. BARNES, MARCIA BROWN, TERENCE DICKS, and BOB FINNEGAN, Members of the Richmond County Board of Elections, in their official capacities, LYNN BAILEY, Richmond County Elections Director, in her official capacity;

By:                          **AUGUSTA LAW DEPARTMENT**


*/s/ Rachel N. Mack*
Rachel N. Mack
Senior Staff Attorney
Georgia Bar No. 104990
Wayne Brown
General Counsel
Georgia Bar No. 089655
AUGUSTA LAW DEPARTMENT
535 Telfair Street, Building 3000
Augusta, Georgia 30901
Telephone:  (706) 842-5550
Facsimile:  (706) 842-556
rmack@augustaga.gov
wbrown@augustaga.gov
*Attorneys for the Richmond County Defendants*

BIBB COUNTY BOARD OF ELECTIONS, MIKE KAPLAN, HERBERT SPANGLER, RINDA WILSON, HENRY FICKLIN, and CASSANDRA POWELL, Members of the Bibb County Board of Elections, in their official capacities, and JEANETTA R. WATSON, Bibb County Elections Supervisor, in her official capacity, BIBB COUNTY BOARD OF REGISTRARS, VERONICA SEALS, Bibb County Chief Registrar, in her official capacity;

By:                                      **NOLAND LAW FIRM, LLC**

/s/ *William H. Noland*
WILLIAM H. NOLAND
Georgia Bar No. 545605
william@nolandlawfirmllc.com
GRACE SIMMS MARTIN
Georgia Bar No. 279182
grace@nolandlawfirmllc.com
*Attorneys for Bibb County Defendants*

CHATHAM COUNTY BOARD OF ELECTIONS, THOMAS J. MAHONEY, MALINDA HODGE, MARIANNE HEIMES, and ANTAN LANG, Members of Chatham; County Board of Elections, in their official capacities, CHATHAM COUNTY BOARD OF REGISTRARS, COLIN MCRAE, WANDA ANDREWS, WILLIAM L. NORSE, JON PANNELL, and RANDOLPH SLAY, Members of the Chatham County Board of Registrars, in their official capacities;

By:                                      **FREEMAN MATHIS & GARY, LLP**

/s/ *Jack R. Hancock*
Jack R. Hancock
Georgia Bar No. 322450
jhancock@fmglaw.com
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com
Freeman Mathis & Gary, LLP
661 Forest Parkway, Suite E
Forest Park, Georgia 30297

20

(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)
*Counsel for Chatham County Defendants*


CLARKE COUNTY BOARD OF ELECTION AND VOTER REGISTRATION, WILLA JEAN FAMBROUGH, HUNAID QADIR, ANN TILL, ROCKY RAFFLE, and ADAM SHIRLEY, Members of the Clarke County Board of Election and Voter Registration, in their official capacities, CHARLOTTE SOSEBEE, Clarke County Board of Election and Voter Registration Director, in her official capacity;

By:                                  **COOK & TOLLEY, LLP**


/s/ *Gregory C. Sowell*
Gregory C. Sowell
State Bar No. 668655
Cook & Tolley, LLP
304 East Washington Street
Athens, GA  30601
706.549.6111
gregsowell@cooktolley.com
*Counsel for Clarke County Defendants*

21

COLUMBIA COUNTY BOARD OF ELECTIONS, ANN CUSHMAN, WANDA DUFFIE, and LARRY WIGGINS, Members of the Columbia County Board of Elections, in their official capacities, COLUMBIA COUNTY BOARD OF REGISTRARS, NANCY L. GAY, Columbia County Chief Registrar, in her official capacity;

By:                               /s/ *Thomas L. Cathey*
                                   Thomas L. Cathey
                                   Georgia Bar No. 116622
                                   *Attorney for Defendant*
                                   *Columbia County, Georgia*
                                   Of Counsel:
                                   Hull Barrett, PC
                                   P.O. Box 1564
                                   Augusta, Georgia 30903-1564
                                   (706) 722-4481 (telephone)
                                   (706) 722-9779 (facsimile)
                                   TCathey@hullbarrett.com

## <u>CERTIFICATE OF COMPLAINCE WITH LOCAL RULE 7.1</u>

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/ *Daniel W. White*
DANIEL W. WHITE
Georgia Bar No. 153033
*Attorney for Cobb County Defendants*

HAYNIE, LITCHFIELD & WHITE, PC
222 Washington Avenue
Marietta, GA  30060
(770) 422-8900
dwhite@hlw-law.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 14, 2021, I electronically filed the foregoing BRIEF IN SUPPORT OF COUNTY DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

/s/ *Daniel W. White*
DANIEL W. WHITE
Georgia Bar No. 153033
*Attorney for Cobb County Defendants*

HAYNIE, LITCHFIELD & WHITE, PC
222 Washington Avenue
Marietta, GA  30060
(770) 422-8900
dwhite@hlw-law.com