UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THE NEW GEORGIA PROJECT, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER, in his official capacity as the Georgia Secretary of State, et al., <br><br> Defendants. | CIVIL ACTION NO. <br> 1:21-cv-01229-JPB |
| GEORGIA STATE CONFERENCE OF THE NAACP, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER, in his official capacity as the Secretary of State for the State of Georgia, et al., <br><br> Defendants. | CIVIL ACTION NO. <br> 1:21-cv-01259-JPB |

| | |
|---|---|
| SIXTH DISTRICT OF THE AFRICAN METHODIST EPISCOPAL CHURCH, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>BRIAN KEMP, Governor of the State of Georgia, in his official capacity, et al.,<br><br>    Defendants. | CIVIL ACTION NO.<br>1:21-cv-01284-JPB |
| ASIAN AMERICANS ADVANCING JUSTICE–ATLANTA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>BRAD RAFFENSPERGER, in his official capacity as the Georgia Secretary of State, et al.,<br><br>    Defendants. | CIVIL ACTION NO.<br>1:21-cv-01333-JPB |

| | |
|---|---|
| VOTEAMERICA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER, in his official capacity as the Secretary of State of the State of Georgia, et al., <br><br> Defendants. | CIVIL ACTION NO. <br> 1:21-cv-01390-JPB |
| THE CONCERNED BLACK CLERGY OF METROPOLITAN ATLANTA, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER, in his official capacity as the Georgia Secretary of State, et al., <br><br> Defendants. | CIVIL ACTION NO. <br> 1:21-cv-01728-JPB |

| | |
|---|---|
| COALITION FOR GOOD GOVERNANCE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BRIAN KEMP, in his official capacity as Governor of the State of Georgia, et al., <br><br> Defendants. | CIVIL ACTION NO. 1:21-cv-02070-JPB |
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> THE STATE OF GEORGIA, et al., <br><br> Defendants. | CIVIL ACTION NO. 1:21-cv-02575-JPB |
| IN RE GEORGIA SENATE BILL 202 | MASTER CASE NO. 1:21-MI-55555-JPB |

# ORDER

This matter is before the Court on the Court's *sua sponte* Order dated December 9, 2021 ("Order"), directing the parties in the above-styled related actions ("Related Actions") to inform the Court of their position regarding consolidation of the actions at least for discovery purposes.[1]  Having fully considered the parties' responses to the Order, the Court finds as follows:

## I.   BACKGROUND

The plaintiffs in the Related Actions (collectively "Plaintiffs") filed complaints seeking declarations that certain provisions of Georgia Senate Bill 202 ("SB 202") violate the United States Constitution and various federal statutes.

Governor Brian Kemp signed SB 202 into law on March 25, 2021, and the challenged provisions regulate election-related processes and activities ranging from absentee ballot voting to election monitoring.  Plaintiffs oppose the specified regulations on several grounds, including race discrimination, undue burden on the right to vote and abridgement of free speech, expression and association.

In response to the Court's Order, all parties in the following cases indicated that they consent to consolidation:  1:21-cv-01229; 1:21-cv-01259; 1:21-cv-01284;

---

[1] "A district court can consolidate related cases under Federal Rule of Civil Procedure 42(a) *sua sponte*." *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999).

1:21-cv-01333; 1:21-cv-01728; and 1:21-cv-02575 (the "Consenting Cases"). The plaintiffs in Case Nos. 1:21-cv-01390 and 1:21-cv-02070 do not consent to consolidation (the "Objecting Cases").

The plaintiffs in the Objecting Cases contend in part that the issues of fact and law in their specific cases are distinct in significant respects and will not require the same type and scope of discovery as the claims alleged in the Consenting Cases. Therefore, they assert that consolidation of their matters with the Consenting Cases will compel them to engage in needless discovery and motion practice and thereby cause unnecessary delay and undue prejudice.

## II.   DISCUSSION

Federal Rule of Civil Procedure 42(a) authorizes a court to consolidate matters that "involve a common question of law or fact." The power to consolidate is discretionary, and Rule 42(a) "codifies a district court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995) (quoting *Hendrix v. Raybestos–Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)) (internal punctuation omitted); *see also Hendrix*, 776 F.2d at 1495 (encouraging district courts to use Rule 42(a) as a tool to eliminate repetition and expedite trial).

> In exercising its discretion, a district court must consider:
>
> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Hendrix*, 776 F.2d at 1495 (quoting *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982)) (alteration in original).  Consolidation is generally appropriate where there is overlap regarding important facts and core liability questions.  *See Young*, 59 F.3d at 1169.

Here, the Related Actions involve virtually identical defendants and mostly the same facts and legal issues.  However, as the plaintiffs in the Objecting Cases point out, there are important distinctions between the Objecting Cases and the Consenting Cases.  The most notable difference is perhaps the lack of allegations of race discrimination in the Objecting Cases.  Because the allegations of race discrimination arguably predominate the complaints in the Consenting Cases, and those issues will likely require significant discovery, the plaintiffs in the Objecting Cases argue that consolidation of the Related Actions for discovery purposes will cause them to expend substantial resources engaging in discovery and other trial practice that will ultimately be irrelevant to their cases.

Applying the reasoning of *Young* and *Hendrix*, and in light of the consent of the parties, the Court finds that it is appropriate to consolidate the Consenting Cases (1:21-cv-01229; 1:21-cv-01259; 1:21-cv-01284; 1:21-cv-01333; 1:21-cv-01728; and 1:21-cv-02575) at least for discovery purposes.[2]  Going forward, the parties in the Consenting Cases are hereby **DIRECTED** to file all documents (whether or not related to discovery) in Master Docket File No. 1:21-MI-55555-JPB ("In re Georgia Senate Bill 202"), which was created to facilitate consolidation of these matters.

The Clerk is **DIRECTED** to add the instant order as well as all counsel of record in the Related Actions to the Master Docket File.  The individual Consenting Cases shall be **ADMINISTRATIVELY CLOSED** for docket management purposes.  Administrative closure will not prejudice the rights of the parties in the Consenting Cases in any manner, and the parties may request to reopen an individual case at any time if necessary.

The Court declines to consolidate the Objecting Cases into the Master File Docket for reasons including the possible prejudice to the plaintiffs in those matters of burdensome discovery unrelated to their claims.  As such, these matters

---

[2] The Court will decide at a later date whether consolidation for additional purposes is warranted.

will remain on their individual dockets. The parties in the Objecting Cases are not required to participate in discovery with the Consenting Cases, but they may elect and are strongly encouraged to coordinate with those cases on specific issues, such as document requests, a central document repository, deposition scheduling, etc.

The Court will, however, endeavor to keep the Related Actions on the same general timeline where possible. To that end, the following directions apply to all Related Actions:

- Any defendant who has not yet answered the complaint must do so by January 7, 2022.

- The parties (Consenting and Objecting Cases) must meet collectively pursuant to Rule 26(f) by January 14, 2022.

- Rule 26(f) reports must be filed by January 21, 2022. The Objecting Cases may join the Rule 26(f) report of the Consenting Cases or file separate reports highlighting where they differ from the Consenting Cases.

- The Court **DENIES** as moot and without prejudice to being re-filed any pending motion relating to discovery.

- All discovery is stayed pending the Court's entry of an order pursuant to Rule 26(f).

**SO ORDERED** this 23rd day of December, 2021.

J. P. BOULEE
United States District Judge